CHAS. F. BALL v. R. A. WITHAM, Appellant.

**Real property:** CONTRACT OF SALE: RIGHT TO POSSESSION. Where a purchaser of real property was not by the terms of the contract to have possession until the full price was paid, the fact that title passed at the time the contract of sale was made would not affect the right to possession; as there may be a sale of property with a reservation or postponement of possession. The contract in question is held to give a right of possession only when the entire purchase price was paid.

**Same:** INSTRUCTIONS: BURDEN OF PROOF. In this action the plaintiff was seeking to recover damages for refusal by the defendant of the right to use rough feed purchased from the owner of land sold to defendant, and in which the jury must have found that by the contract for the sale of the land the defendant was not entitled to possession when the rough feed was sold to plaintiff, and therefore any error there may have been in the court's instructions relative to the burden of proof on the question of notice of the plaintiff's lease of part of the premises was not prejudicial.

*Appeal from Jefferson District Court.*—HON. D. M. ANDERSON, Judge.

FRIDAY, MAY 12, 1911.

SUIT to recover damages for injury to and loss of personal property. Verdict and judgment for plaintiff, from which the defendant appeals. *Affirmed.*

*Ralph H. Munro* and *J. P. Starr*, for appellant.

*Crail & Crail*, for appellee.

SHERWIN, C. J.—J. H. Frush owned a `farm, and

orally leased a part thereof to the plaintiff for the term
of one year from the 1st day of March, 1909.   On the
28th day of October, 1907, Frush, through his agent, en-
tered into the following contract with the defendant:

    For the consideration of $7,200, I, John Frush, have
this day sold my farm to R. A. Witham, described as the
farm N. E. of Fairfield about five miles, it being the
only farm that I now own, on the following terms and
conditions.   The said Witham has this day paid on said
farm $500.00.   The balance due to be paid in thirty days
from this date, provided the said John Frush will allow
the said Witham six percent on money paid to March 1,
1908.   The taxes to be paid on said land by John Frush.
for the year 1907, all the lumber that is on the ground
goes with the farm.   No wood to be taken from the farm
but about two cords now cut.   The said John Frush is
to furnish abstract, showing good and perfect title to said
land.   If the building should burn before the said Witham
gets possession, the insurance to go to the said Witham.
It is further agreed the said John Frush will keep up
the insurance until the said Witham gets possession.

    At the time the contract was made, Frush was in pos-
session of the buildings on the farm and a part of the
land.   Ball had possession of the part that he had rented,
and a tenant was in possession of the rest of the farm.
On the 29th day of November, 1907, Frush held a public
sale at the farm, and at that time sold to the plaintiff cer-
tain cornstalks then standing on a part of the ground that
had been rented to the tenant.   The defendant was present
at the sale, and a controversy arose between him and
Frush as to the latter's right to sell said stalks; the de-
fendant claiming that they belonged to him, and Frush
asserting that the defendant was not then entitled to pos-
session under his contract.   On the same day Frush per-
mitted the defendant to move some of his household
goods into one of the rooms in the house, and soon there-
after the defendant went there to live.   The defendant did

not pay the remainder of the purchase price or get a deed until after the 1st of March, 1908. The plaintiff used the land that he had rented as a pasture for stock, and at the time he bought the cornstalks he had about sixty cattle in the pasture, and these he afterwards turned into the stalks. A controversy at once arose between the plaintiff and defendant over the plaintiff's right to use the pasture and to feed the stalks, and the defendant repeatedly turned plaintiff's cattle out of the stalks and pasture into the public road, causing the damage for which plaintiff sues. The case was tried to a jury, and resulted in a verdict of $300 for the plaintiff.

The appellant presents three points upon which he asks a reversal of the judgment. He pleaded that he purchased the farm with the right of immediate possession, without notice of the plaintiff's lease, and he complains of instructions which placed the burden of so proving on him. He further says that the mere presence on the farm of the plaintiff's cattle at the time the contract was made was insufficient to impart notice to him of the plaintiff's lease, and, finally, he says that the contract was an executed one, and that the title to the land then passed to him and entitled him to immediate possession.

While some other matters are discussed in the appellant's argument, the points we have named are the only ones presented in his brief of propositions and points, and are, for that reason, the only ones we may consider under the rule. The trial court did instruct that the burden was on the defendant to prove that he made the contract in question without notice of the plaintiff's lease. We do not find it necessary to pass upon the correctness of such instruction, however, nor upon the sufficiency of the notice conveyed by the presence of the plaintiff's cattle on the farm at that time.

1. REAL PROPERTY: contract of sale: right of possession.

The contract itself shows, without much doubt, that

possession was not to be given to the defendant until the entire purchase price was paid, and it is not clear when the remainder became due. ·.Whether it became due · in thirty days from that time or on the 1st of March, 1908, depended on the condition relating to interest. This, was subject to oral explanation, and on the trial the defendant testified that it was not, in fact, due until March 1.

If it was the contract of the parties that the defendant was not to have possession of the farm until the full purchase price was paid or until the 1st of March, a present transfer of title by the contract would not change the rights as to possession, for there may be an absolute sale with the right to possession postponed. *Sheehy v. Scott,* 128 Iowa, 551. It is therefore immaterial whether this contract was executed or executory. The parties contracted as to the time when possession should pass to the defendant, and by this they are bound.

The evidence shows that the real controversy between plaintiff and defendant arose when the plaintiff turned his cattle in to the cornstalks that he had bought at the sale in the latter part of November, and that when the defendant first turned the cattle out into the road, all but a few of them were driven from the stalk field. And this was also true as to the other times that they were turned into the road; the controversy being, as we have already said, over the right of the plaintiff to feed the stalks. The stalks were sold to the plaintiff before the defendant was entitled to possession, even under his own claim, unless it be held that he was entitled thereto immediately upon the execution of the contract of purchase, and this his own testimony disproves. He was present when the stalks were sold to plaintiff, and then made objection to their sale, claiming that he was entitled to them under his contract for the land. And at that time he knew without question that the plaintiff had rented the pasture until the 1st of

*2. SAME: instructions: burden of proof.*

March. He also knew that a part of the farm was rented to another tenant for crop purposes when he made the contract.

The court instructed, in effect, that if the defendant was entitled to the possession of the farm on the 29th of November, the cornstalks would go with the farm and become the property of the defendant, and, conversely, that if such was not the case then the stalks belonged to the plaintiff and he had the right to feed them. It is apparent, then, that the jury must have found that the defendant was not entitled to possession at the time in controversy, and, that being true, the instruction as to the burden of proof of notice of plaintiff's lease of the pasture was not prejudicial to the defendant, even if wrong.

We are satisfied that there should not be a reversal of this judgment, and it is therefore *affirmed*.